**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE RAMIREZ FARFAN,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-839

Agency No.
A205-314-598

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Jorge Ramirez Farfan, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Ramirez Farfan does not challenge the BIA's conclusion that he waived review of the IJ's denials of asylum and CAT protection, so we do not address these. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

As to cancellation of removal, substantial evidence supports the agency's determination that Ramirez Farfan has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). Ramirez Farfan's claim that the agency violated due process by failing to consider hardship evidence fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). Thus, Ramirez Farfan's cancellation of removal claim fails.

As to withholding of removal, Ramirez Farfan does not challenge the agency's determination that he failed to establish past persecution, so we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80. The BIA did not err in its conclusion that Ramirez Farfan waived any challenge to the IJ's dispositive determination that he failed to establish that his proposed particular social group is socially distinct. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Thus, Ramirez Farfan's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**